WARD BARTLETT ET AL., APPELLANTS AND CROSS-APPELLEES, v. WILBUR KLOEPPING ET AL., APPELLEES AND CROSS-APPELLANTS.

240 N. W. 2d 592

Filed April 7, 1976. No. 40364.

Cook, Lubberstedt & Kopf, for appellants.

Bernard B. Smith and Steven B. Timm of Smith & Smith, for appellees.

Heard before SPENCER, NEWTON, and CLINTON, JJ., and WARREN and RIST, District Judges.

RIST, District Judge.

This is an action to quiet title. Plaintiffs are the owners of record of the east 96 acres of the southeast quarter of Section 20, Township 11 North, Range 24 West, of the 6th P.M., Dawson County, Nebraska. Defendants Kloepping (hereinafter called defendants) are the owners of record of the west 64 acres of said southeast quarter. Plaintiffs assert title by adverse possession to a portion of said west 64 acres, more particularly described as: "All that part of the West (W) 64 acres of the Southeast Quarter (SE¼) of Section Twenty (20), Township Eleven (11) North, Range Twenty-four (24) West of the 6th P.M., Dawson County, Nebraska, lying East (E) of a line running North and South (N & S); said line starting at a point on the South (S) line of the Southeast Quarter (SE¼) of Section Twenty (20), 24.221 chains West (W) of the Southeast (SE) corner of the Southeast Quarter (SE¼) of Section Twenty (20), and running North (N) to a point on the North (N) line of the Southeast Quarter (SE¼), 24.423

chains West (W) of the Northeast (NE) corner of the Southeast Quarter (SE¼) of Section Twenty (20)," and pray that the title to the same be quieted in them. Defendants deny plaintiffs' claim, and assert that no boundary was ever established between the tracts of the parties in any manner until a survey was made in 1969 which survey defendants claim establishes the correct boundary. The 1969 survey line lies east of and generally parallel to the line to which plaintiffs claim and the area between the two lines is the area in dispute. Defendants further assert their right to the use of a roadway running generally north and south in the area of the disputed land and pray that the 1969 survey line be determined to be the true boundary between the lands of the parties, and to establish defendants' right to the use of the roadway by prescriptive right.

The trial court established the boundary line between the tracts to be the centerline of the roadway, said line running between the 1969 survey line and the line to which plaintiffs claim, and caused the same to be surveyed and established. The trial court also found and determined that both parties had the right to use the roadway as a private road, the same to extend 10 feet on either side of the boundary line established by the court. The roadway as so established is located largely, if not entirely, in the disputed area.

Both parties filed motions for new trial. Defendants commenced their appeal to this court which was subsequently dismissed on defendants' motion, and plaintiffs have perfected their appeal upon their motion for new trial being overruled.

Although provided by statute, an action to quiet title is an action in equity and is considered de novo in this court. § 25-1925, R. R. S. 1943; Neylon v. Parker, 177 Neb. 187, 128 N. W. 2d 690.

In reviewing the record we are convinced that the survey line established in 1969 was made in appropriate manner and would correctly establish the boundary line

between the tracts owned of record by the parties unless plaintiffs have established their claim to the disputed area by adverse possession.

While the parties raise numerous issues in their briefs, one issue must first be resolved before any others are considered, and that is whether or not plaintiffs are entitled to tack the alleged possession of their predecessors in title to their own claimed possession in order to show adverse possession for the requisite period of 10 years.

The record reflects that plaintiffs acquired title to the east 96 acres here involved by referee's deed in a partition action, said deed being dated December 13, 1971, and filed of record March 9, 1972. The defendants acquired title to the east 32 acres of the west 64 acres here involved by warranty deed dated December 31, 1962, and recorded March 20, 1963. Plaintiffs commenced this action October 27, 1972.

While the record is not as precise as it might be, it nonetheless shows that prior to the conveyances to the parties as noted above, both tracts were owned as tenancies in common with at least three cotenants common to both tracts.

We therefore have a situation in which plaintiffs must show a basis for adverse possession by their predecessors in title for a period prior to the conveyance of the east 32 acres of the west 64 acres to the defendants by deed dated December 31, 1962, in order to show adverse possession for 10 years. This in turn raises the question of whether during this period it can be found that the cotenants who were the predecessors of plaintiffs' title, or any of them, held adversely to the cotenants who were defendants' predecessors in title, bearing in mind the three cotenants who were common to both tracts during this period.

Plaintiffs seek to show such adverse possession through one John P. (Jack) Kennedy, who was apparently one of the cotenants owning the east 96 acres prior to plaintiffs acquiring this land, and who occupied the same to

the time of his death in 1970. Plaintiff Ward Bartlett was asked on direct examination if Jack Kennedy had ever told him who owned the road in the disputed area. Objections to that question were sustained and the offer of proof was that Kennedy said he owned it. We believe the objection was properly sustained as the question was not one calling for the reputation of a property line so as to be an exception to the hearsay rule. We note however that on cross-examination of Mr. Bartlett he did testify without objection that Kennedy had told him he, Kennedy, owned the road.

The appropriate rules of law in this situation are: (1) When there is common ownership of two contiguous tracts of land, subsequently conveyed to different grantees, one of the grantees cannot, for the purpose of establishing title by adverse possession against the other grantee, tack his possession to that of the common grantor. Foltz v. Brackhage, 151 Neb. 216, 36 N. W. 2d 768. (2) Generally, possession of real estate by one cotenant is possession of all. Severson v. McKenzie, 122 Neb. 827, 241 N. W. 774. Such possession is presumed friendly as to cotenants. Walter v. Walter, 117 Neb. 671, 222 N. W. 49. (3) Before a cotenant can hold adversely to other cotenants there must be an ouster of possession of the latter by the former, with notice or knowledge of the acts causing the ouster being brought home to such other cotenants in a plain and unequivocal manner and be shown by acts of such notorious and hostile character as would put a man of ordinary prudence on guard. Acts which are reasonably consistent with the existence of title in other cotenants are insufficient. Unick v. St. Joseph Loan & Trust Co., 146 Neb. 789, 21 N. W. 2d 752.

We conclude from the record that the statement by Kennedy to the plaintiff Ward Bartlett is insufficient to establish that Kennedy was claiming the disputed territory or any part thereof adversely to defendants' predecessors in title. Nor do we find any actions of Ken-

nedy described in the evidence which would evidence such a claim of ownership in himself or his cotenants. Again, bearing in mind that there were common cotenants to both tracts during the period above noted, it would have been necessary for Kennedy to so act toward the cotenants of defendants' tract that he was ousting them from possession of the disputed area. Kennedy's actions were not inconsistent with the respective cotenancies of the tract involved and his statement of ownership of the road to another person not a cotenant is insufficient to constitute an ouster. Nothing was done by Kennedy that could be said to put the other cotenants on notice that he sought to oust them. The provisions of Kennedy's will relating to the land in which he had an interest is both after the fact and also by its language says nothing that can reasonably be said to be inconsistent with the cotenancies. The provisions of his will would not be an open hostile act during his lifetime that would put other cotenants on notice even if the language did indicate an intent to oust, which it does not.

The parties in their briefs discuss the doctrine of acquiescence and recognition of boundaries by adjoining landowners. Suffice it to say the record reflects no evidence of any mutual acquiescence or recognition of the boundary line between the tracts here involved.

We conclude therefore that the plaintiffs, having the burden to prove their claim by adverse possession (Pallas v. Dailey, 169 Neb. 533, 100 N. W. 2d 197), have failed to prove any basis for tacking their claimed possession to that of their predecessors in title and accordingly their claim to the disputed area must fail.

We are mindful that the trial judge had both the opportunity to see and hear the witnesses and to view the premises, but the record is such that we cannot sustain the trial court's determination of the boundary line between the parties for the reasons previously set forth.

We therefore determine that the correct boundary line between the parties is that established by the 1969

survey and title to the disputed area described earlier in this opinion should be quieted in the defendants. The location of the 1969 survey line is more precisely stated to be: The south terminus thereof is 23.821 chains west of the southeast corner of Section 20, Township 11 North, Range 24 West of the 6th P.M., Dawson County, Nebraska, and the north terminus thereof is determined to be on the north line of said southeast quarter, 23.913 chains west of the east one quarter corner of said section 20.

With respect to the roadway previously described, we conclude that the use thereof was not adverse for the required period of 10 years, the reasons therefor being the same as those set forth above with respect to the issue of adverse possession incident to the boundary line. Accordingly, neither party has a prescriptive right to the roadway, or any portion thereof, on the property of the other, and the trial court's determination as to such roadway must be set aside.

The judgment of the trial court is therefore reversed and the cause remanded with directions that the boundary line between the land of the parties here involved be fixed on the line established by the 1969 survey and the trial court's judgment respecting the roadway set aside. Costs taxed to appellants.

REVERSED AND REMANDED WITH DIRECTIONS.