CHURCHILL PARKER, PLAINTIFF IN ERROR, V. ELLA
MATHESON ET AL., DEFENDANTS IN ERROR.

1. **Taxes:** FORECLOSURE OF LIEN: LIMITATION. An action to foreclose a tax lien on real estate may be brought on the tax certificate, when it is alleged in the petition that a deed would be invalid if issued. In such case the cause of action would accrue at the expiration of the time within which the land owner might redeem, and suit may be brought at any time within five years thereafter.

2. ———: ———: ———: A. purchased land at tax sale, on the 5th of February, 1878. A deed was refused by the treasurer, when demanded, for the reason that no notice was given of the expiration of the time for redemption, and that the sale was void. On the 21st day of February, 1885, more than five years after the expiration of the time for redemption, he commenced this action to foreclose the tax lien. *Held,* That his cause of action was barred by limitation.

ERROR to the district court for Antelope county. Tried below before TIFFANY, J.

*Groff, Montgomery & Jeffrey,* for plaintiff in error.

*W. J. Connell* and *William A. Redick,* for defendants in error.

REESE, J.

The only question involved in this case is the statute of limitations.

Plaintiff filed his petition in the district court seeking to foreclose a tax lien on the land described therein, and alleged in substance that on the 5th day of February, 1878, he purchased the same for the taxes then delinquent, and that a certificate of purchase was executed to him by the county treasurer. That the certificate of purchase had been tendered to the county treasurer and he had refused to execute

a deed thereon, "on the ground that a due and legal notice of said sale, and of the time when the right of redemption would expire, had not been served upon the occupant of said real estate, and also on the ground that plaintiff had no right to a tax deed pursuant to said sale." Plaintiff waives title and asks an accounting and foreclosure.

Defendants demurred to the petition upon the ground that it did not state a cause of action. The demurrer was sustained and the cause dismissed. Plaintiff brings error thereon.

As we have seen the sale was on the fifth day of February, 1878. Since the notice was not given, no deed could have legally issued. The action to foreclose could not have been brought until the time given to redeem had expired. *Helprey v. Redick, ante* p. 80; S. C., 31 N. W. Rep., 257. An action could have been maintained at any time after that event. Therefore the statute began to run at that time. There never was any *title* to "fail." The sale was simply void and conferred a lien for the taxes which might be foreclosed after the expiration of the time in which the defendant might redeem. That time was two years from date of sale. February 6th, 1880, the action could have been maintained. The suit was instituted February 21st, 1885, five years and fifteen days after the expiration of the time for redemption. At the time of the sale the law of 1875 (Laws 1875, 107) was in force, but the act of 1879 must apply to the foreclosure wherein the former act has been changed or amended. It is urged that a material difference in the two acts is that, by the act of 1875, the foreclosure might be had notwithstanding the tax deed, and by the act of 1879 he is entitled to foreclose instead of demanding a tax deed. This is true, but he could not demand a tax deed until after the expiration of the two years; therefore the landowner had that time within which he could redeem, without consulting the purchaser, and the right to foreclose did not accrue until the right to redeem by the pay-

ment of the money to the treasurer ceased.   Under the rule stated in *Helprey v. Redick, supra,* the statute began to run February 6th, 1880.   Five years from that time the cause of action would be barred.   The action not having been commenced within that time, the demurrer was properly sustained.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.