TRUEMAN H. SHEPHERD V. CARLOS C. BURR.

[FILED OCTOBER 3, 1889.]

1. **Tax Title:** LIMITATIONS. "An action to foreclose a tax lien on real estate may be brought on a tax certificate when it is alleged in the petition that a deed would be invalid if issued. In such case a cause of action would accrue at the expiration of the time within which the land owner might redeem, and suit might be brought at any time within five years thereafter." (*Parker v. Matheson*, 21 Neb., 546.)

2. ———: ———: CASE STATED. A purchased real estate at tax sale on the 18th day of November, 1875; the property was not redeemed by the land owner within the two years allowed for redemption. No deed was taken by the purchaser at the tax sale. On the 18th day of April, 1883, and more than five years after the expiration of the time for redemption, plaintiff commenced this action to foreclose the tax lien. *Held*, That the cause of action was barred by limitation. (See *Parker v. Matheson, supra.*)

ERROR to the district court for Lancaster country. Tried below before FIELD, J.

*Harwood, Ames & Kelly*, for plaintiff in error.

*W. W. Cotton*, for defendant in error.

REESE, CH. J.

This action originated in the district court of Lancaster county, and was brought for the purpose of enforcing a tax lien against a tract of real estate in the city of Lincoln described as "commencing 62 feet north of the southeast corner of lot number 12 in block number 33, according to the original plat and survey of the town (now city) of Lincoln, Nebraska, thence north on Ninth street 40 feet, thence west 75 feet, thence south 40 feet, thence east 75

feet to the place of beginning." It was alleged in the petition that in the year 1874 the property was duly assessed by the precinct assessor of Lincoln precinct as "40 x 75 ft., lot No. 11 and 12, block No. 33," and opposite thereto on the same line "L. A. Scoggins;" that on the 18th day of November, 1875, the taxes being delinquent and unpaid, the plaintiff duly purchased the property at tax sale for the taxes for the year 1874, and that the same amounted to $111.82; that the property has never been redeemed from the sale and that the amount paid by plaintiff has never been repaid nor refunded to him.. It was further alleged that after the purchase by plaintiff, and in the year 1878, the said Scoggins, who still remained the owner in fee simple, sold and conveyed it by deed of general warranty, duly signed, witnessed, and acknowledged, to the state, the only exception to the warranty being "except taxes due and unpaid;" that the property was bought by the state for the use and benefit of the school fund thereof; that on the 23d day of October, 1880, the state by its proper officers sold the real estate in question to defendant C. C. Burr, and entered into a contract with him by which defendant paid in cash the sum of $776.77 and agreed to pay at the end of twenty years the sum of $4,410, with interest thereon at the rate of six per cent per annum, payable on the 1st day of January of each year; that immediately upon the. completion of said purchase defendant took possession of said property and has retained the possession ever since, making valuable improvements thereon to the extent of $5,000.

The prayer of the petition was that the purchase by plaintiff, as shown by his certificate of purchase, be declared a lien upon the property, the lien foreclosed, and for general relief.

To this petition a demurrer was interposed by the defendant on the ground "that the facts stated in the plaintiff's said petition do not constitute a cause of action in favor

of the plaintiff and against the defendant." The demurrer was sustained by the district court and, plaintiff electing to stand upon his petition without amendment, the suit was dismissed and judgment rendered in favor of defendant. Plaintiff brings the cause to this court by proceedings in error alleging as error, the decision of the district court in sustaining the demurrer. Plaintiff in error by his brief presents two questions: First, as to whether or not the transfer of the real estate back to the state was an extinguishment of the lien created by his purchase; and second, whether or not the description of the property upon the tax book as assessed and taxed was sufficient.

On the other hand defendant in error presents as another question the statute of limitations, which is not discussed in the brief of plaintiff in error. It was alleged in the petition that during the whole of the year 1875 Scoggins was the owner of personal property situated in Lancaster county from which the taxes could have been collected by the treasurer. Under the rule stated in *Pettit v. Black,* 8 Neb., 59, and *Wilhelm v. Russell,* Id., 123, the failure to collect the taxes from the personal property would, perhaps, avoid the sale. But this is not a material inquiry here, for the reason that no deed was ever taken by plaintiff in error, nor does it appear that he ever demanded any from the county treasurer. Therefore the question whether the title failed does not enter into the case. There having been no title conveyed to plaintiff by the treasurer we are unable to see wherein the case differs in any particular from *Parker v. Matheson,* 21 Neb., 546. The same statute must be applicable to this case as to that, and the facts are so nearly similar that it is clear to us that that case is decisive of this. From the petition it appears that from the 18th day of November, 1875, Scoggins had two years in which to redeem, which expired on the 18th day of November, 1877. No deed was taken, and at that time plaintiff could have instituted suit for the foreclosure of

Wilson v. Auburn.

his tax lien. This suit was commenced on the 18th day of April, 1883, more than five years after the time in which it might have been brought. By the rule stated in *Parker v. Matheson, supra,* the statute had run and the action was barred.

It becomes unnecessary, therefore, to examine the questions presented by the brief of plaintiff in error. The court did not err in sustaining the demurrer, as the petition fails to state facts sufficient to constitute a cause of action.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other Judges concur.