COUNTY OF VALLEY, APPELLANT, V. MAGGIE B. MILFORD ET AL., APPELLEES.

FILED NOVEMBER 5, 1903. No. 12,602.

1. **Tax Lien:** FORECLOSURE BY COUNTY. A county can not foreclose its lien for taxes, without a sale first having been made by the county treasurer and a certificate of tax sale issued thereon.

2. **Limitation.** A foreclosure proceeding by a county, upon a tax sale certificate, must be brought within the time limited by section 1, article 4, and section 2, article 5, chapter 77, Compiled Statutes.

3. ——. The five-year limit, within which foreclosure proceedings upon a tax sale certificate must be brought, does not commence to run until the expiration of the two years within which the tax debtor may redeem from the sale.

4. **Loss of Lien.** The county's lien for taxes is not devested by the failure of the county to foreclose its tax lien within the time limited by statute, but the county may again purchase at tax sale for the years covered by its prior purchase.

APPEAL from the district court for Valley county: JOHN R. THOMPSON, JUDGE. *Reversed and dismissed.*

*George W. Hall* and *Victor O. Johnson,* for appellant.

*Edwin M. Coffin, Elliott J. Clements* and *Herman Westover, contra.*

KIRKPATRICK, C.

This is a foreclosure proceeding brought by the county of Valley against Maggie B. Milford and her husband, to foreclose a lien for taxes upon certain property owned by the Milfords in Ord, in that county. The petition pleads five causes of action, each for taxes against the same property for separate years. The first four causes of action are upon sale certificates issued by the county treasurer, upon sales made to the county, in accordance with law, after the property had been offered at public tax sale and remained unsold for want of bidders. The fifth cause of action was an attempt on the part of the county to foreclose its general lien for taxes, without a sale having first been made and a certificate issued. The regularity of the assessment and levy of the taxes was conceded, and the petition of the county was sufficient to recover upon all the causes of action except the fifth, unless the several causes of action are barred by the statute of limitations. The Milfords interposed general demurrers to each cause of action. The demurrers were sustained as to the first

and second causes of action, upon the ground that the statute of limitations had run as to the tax sale certificates issued to the county upon the sales therein alleged. The county declined to plead further, and its first two causes of action were dismissed. The demurrer was overruled as to the third, fourth and fifth causes of action, and the Milfords elected to stand upon their demurrer as to the fifth cause of action, and answered as to the third and fourth, pleading the statute of limitations. The county filed a general demurrer to the answer filed by the Milfords, which was sustained by the court, and the Milfords electing to stand upon their answers, a decree was entered by the court upon the pleadings, dismissing the petition as to the first and second, and decreeing a foreclosure as to the third, fourth and fifth causes of action. Both parties appeal, and the questions here presented are: First, can the county foreclose a lien for taxes, without a sale in due form having first been made by the county treasurer, and a certificate issued thereon. Second, does the statute of limitations run against the county, in a proceeding to foreclose its lien, after purchase at tax sale and the issuance of a tax sale certificate in accordance with law.

As to the first contention, it may be regarded as finally settled against the rights of a county to foreclose in the absence of a sale, by the determination of this court in the case of *County of Logan v. Carnahan*, 66 Neb. 685. Of the soundness of the conclusion reached in that case we have no doubt. It follows that the action of the trial court, in decreeing a foreclosure as to the fifth cause of action, is wrong and must be reversed.

There can be no doubt of the right of the county to purchase at private tax sale under the provisions of both section 1, article 4, and section 1, article 5, chapter 77, Compiled Statutes, and this right has been expressly recognized by this court in *County of Lancaster v. Rush*, 35 Neb. 119, and *County of Lancaster v. Trimble*, 33 Neb. 121.

It follows, therefore, that the only remaining question requiring determination in this case is, whether the limita-

tions contained in section 1, article 4, and section 2, article 5, can be held to apply to counties. Section 1, article 4, chapter 77, provides in part as follows: ·

"They (the county commissioners) may, in the name of their respective counties, proceed by action at any time before the expiration of five years from the date of such sale, to foreclose such certificates or liens in the ·district court of such county."

In view of the constitutional provision which provides that the tax debtor may redeem from the tax sale at any time within two years, and in view of other provisions of the statute, this court has repeatedly held that the five years, within which foreclosure proceedings might be brought, did not commence to run until the expiration of the two years within which the tax debtor might redeem from the sale. This rule has been so repeatedly announced by this court that the question may be no longer regarded as an open question. It follows, therefore, that proceedings to foreclose under a tax sale certificate must be brought by the ordinary tax sale purchaser within seven years from the date of the sale upon which the certificate was issued.

There would seem to be no valid reason why the statute of limitations should not be held to apply to a foreclosure brought by a county, upon a tax sale certificate issued under the provisions of section 1, article 4, chapter 77, inasmuch as the section which authorizes the purchase, in express terms, limits the time within which the county can bring its foreclosure proceeding. Such being the evident purpose and intent of the legislature, we are constrained to hold that the county must exercise its right to foreclose upon a tax sale certificate issued to it, within seven years from the date of such certificate, or its action will be by the statute. ·

It is contended on behalf of the county that, if the section quoted from be held to be a limitation upon the right of the county to foreclose, such section is, to that extent, unconstitutional; that, under the provisions of section

138, article 1, chapter 77, of the revenue law, taxes are made a perpetual lien upon the land against which they are assessed; and that by the provisions of section 146, article 1, of that chapter, it is declared that no county shall have the power to remit or commute any portion of taxes against any property or of any person; and that, by the terms of the constitution, the legislature is prohibited from releasing or in any manner discharging taxes; and, if the mere failure of the county board to institute foreclosure proceedings for a period of seven years after the tax sale certificate was issued would bar the right of the county to foreclose, it would operate as a release or discharge of the lien for taxes. The steps necessary to be taken and the rights acquired by a county at tax sale differ very materially from the steps taken and the rights acquired by a private purchaser. The county is not a competitive bidder, and can only purchase when the property has remained unsold for want of bidders. Again, the county is not required to pay the purchase price, and neither is it entitled to a twenty per cent. interest on the purchase price, nor the allowance of attorneys' fees in case of foreclosure. All of these questions seem to be settled by the statute or the prior decisions of this court. The distinctions between a purchase by the county and by an individual, as such, are so apparent, it must be held that a different rule applies to a purchase made by a county and one made by an individual.

In the case of *Foree v. Stubbs*, 41 Neb. 271, this court said:

"The provision of the revenue law by which taxes are declared to be a perpetual lien is designed for the benefit of the state and the different municipalities which are authorized to provide revenue by taxation."

To the same effect is *Johnson v. Finley*, 54 Neb. 733. The county, therefore, does not in any way waive its lien by a purchase at tax sale; it simply takes advantages of one of the provisions of the statute, to enable it to procure a judicial sale of the property that will devest the title of

the delinquent owner, and thus obtain the amount of taxes due. The lien for taxes is perpetual, and can only be devested by payment. When an individual purchases, he is compelled to pay the taxes, and the state, county and other municipal subdivisions receive and thereafter retain the money, and the law maintains the lien in force, for a stipulated number of years, to enable the purchaser to get his money with interest. But it was probably never contemplated that the county should ultimately become the owner in fee of the land, by purchase at judicial sale.

We are, therefore, of the opinion that while the statute of limitations in this particular case applies to a foreclosure of a tax lien by a county, yet, upon a sale for taxes to the county, and the failure of the county to institute and prosecute to completion a foreclosure of its lien, the county's lien for taxes is not devested and the county must again purchase at tax sale for the years covered by its prior purchase, and must, within the period fixed by law, foreclose upon its second purchase; and that the lien of the county for taxes is not devested except upon the judicial sale resulting from foreclosure proceedings, or the payment of the taxes.

It appearing in this case that more than seven years had elapsed from the date of the sale, in each cause of action, before the commencement of the proceedings, the first, second, third and fourth causes of action were wholly barred by the statute of limitations. It follows that the judgment of the trial court as to the first and second causes of action was right, and as to the third, fourth and fifth causes of action, was wrong. It is therefore recommended that the judgment of the lower court be reversed and the proceedings dismissed.

HASTINGS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the proceedings dismissed.

REVERSED.