LAVERNE J. BISH AND JEROME J. MILDER, DOING BUSINESS AS
C & F COMPANY, APPELLEES, V. MAUREEN FLETCHER ET AL.,
APPELLANTS.

366 N.W.2d 778

Filed May 3, 1985. No. 84-897.

Ronald Rosenberg and Stanley Gushard of Rosenberg Law Offices, for appellants.

Rex R. Schultze of Perry, Perry, Witthoff, Guthery, Haase & Gessford, P.C., for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

PER CURIAM.

Defendants have appealed from an order of the district court which sustained plaintiffs' motion for summary judgment and entered a decree of foreclosure of a county treasurer's certificate of tax sale. Although the defendants specify three assignments of error, the entire issue is whether the action for foreclosure was brought within the time limits prescribed by statute. We affirm.

Both parties filed motions for summary judgment. The facts are not in dispute, as reflected by the briefs of both parties. Lot 6, Block 5, Williams Subdivision, Lincoln, Lancaster County, Nebraska, had been owned by the defendants' decedent and was purchased by the county of Lancaster for delinquent taxes. A certificate of purchase was issued. Neb. Rev. Stat. § 77-1809 (Reissue 1981).

Thereafter, and on November 4, 1982, the certificate was

assigned to the plaintiffs, who also paid all of the subsequent taxes and special assessments up to and including the date of the assignment. Neb. Rev. Stat. § 77-1822 (Reissue 1981). The certificate matured and the plaintiffs were entitled to apply for a tax deed on August 23, 1983. Neb. Rev. Stat. § 77-1837 (Reissue 1981).

Rather than demanding a deed, the plaintiffs filed a petition in the district court on February 3, 1984, to foreclose the lien of their tax certificate. Neb. Rev. Stat. § 77-1902 (Reissue 1981). That section provides in part that "such action shall only be brought within ninety days after the expiration of the time for redemption from the tax sale upon which the tax sale certificate or tax deed is based."

Defendants cite the following from § 77-1837: "[A]t any time within ninety days after the expiration of three years from the date of sale of any real estate for taxes . . . if the same shall not have been redeemed, the county treasurer, on request . . . shall execute and deliver to the purchaser . . . a deed of conveyance . . . ."

From that section defendants reason that the time for redemption therefore expires after 3 years from the date of sale, and according to § 77-1902 the foreclosure action must be brought within 90 days of that date, or, in this case, November 21, 1983; the action was not brought until February 3, 1984, and under the provisions of Neb. Rev. Stat. § 77-1856 (Reissue 1981), the tax sale certificate was no longer a valid lien. We do not agree.

The definition of the term "time for redemption" may be deduced from Neb. Rev. Stat. § 77-1824 (Reissue 1981): "The owner or occupant of any land sold for taxes . . . may redeem the same at *any time before the delivery of tax deed* by the county treasurer . . . ." (Emphasis supplied.)

In *Mack v. Luebben*, 215 Neb. 832, 836, 341 N.W.2d 335, 338 (1983), we said: "The evidence shows that Sohn redeemed the property before the tax deed was delivered to Mack. . . . Proof of such redemption defeats any title conveyed by the tax deed."

Defendants overlook pertinent language from the very statutory provision they cite, § 77-1837. That section provides

in part that the county treasurer, on request of the holder of the certificate, shall deliver a deed of conveyance "at any time within ninety days after the expiration of three years from the date of sale . . . *if the same shall not have been redeemed."* (Emphasis supplied.)

We read that section as plainly stating that a holder of a tax certificate may request a deed at any time after 3 years from the date of sale and up until 90 days thereafter, and because § 77-1824 allows the owner to redeem at any time before delivery of a tax deed, it would be possible for the period of redemption to cover at least 3 years and 90 days. The time for redemption would finally expire in this case on November 21, 1983. The action to foreclose had to be brought within 90 days of that date, which it was.

Defendants also argue that plaintiffs did not comply with the notice provisions of Neb. Rev. Stat. § 77-1831 (Reissue 1981). That section requires a purchaser of a tax certificate, before being entitled to a deed, to serve notice of the intended application for such deed at least 3 months before doing so.

The defendants overlook the fact that there are two separate and distinct methods for the handling of delinquent taxes; i.e., the treasurer's deed method provided for in Neb. Rev. Stat. §§ 77-1801 to 77-1863 (Reissue 1981), and the sheriff's deed following a traditional foreclosure, as stated in Neb. Rev. Stat. §§ 77-1901 to 77-1941 (Reissue 1981). *Brown v. Glebe,* 213 Neb. 318, 328 N.W.2d 786 (1983). Plaintiffs chose the latter method and were not required to comply with the notice provisions of § 77-1831.

The judgment of the district court was correct, and it is affirmed.

AFFIRMED.