COUNTY OF LANCASTER, NEBRASKA, APPELLEE, V. DANIEL L.
MASER ET AL., APPELLEES, DEPARTMENT OF BANKING AND
FINANCE OF THE STATE OF NEBRASKA, RECEIVER FOR
COMMONWEALTH SAVINGS COMPANY, APPELLANT.
COUNTY OF LANCASTER, NEBRASKA, APPELLEE, V. MICHAEL A.
MENCK ET AL., APPELLEES, DEPARTMENT OF BANKING AND
FINANCE OF THE STATE OF NEBRASKA, RECEIVER FOR
COMMONWEALTH SAVINGS COMPANY, APPELLANT.
COUNTY OF LANCASTER, NEBRASKA, APPELLEE, V.
COMMONWEALTH SAVINGS COMPANY ET AL., APPELLEES, TABITHA
DEVELOPMENT CORPORATION, A NEBRASKA CORPORATION, ET AL.,
APPELLANTS.

400 N.W.2d 238

Filed January 23, 1987.   Nos. 85-890, 85-916, 85-917.

D.C. Pierson of Pierson, Ackerman, Fitchett, Akin & Hunzeker, for appellant Department of Banking and Finance.

Douglas D. Cyr, Deputy Lancaster County Attorney, for appellee County of Lancaster.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

SHANAHAN, J.

The Department of Banking and Finance of the State of Nebraska, Receiver for Commonwealth Savings Company; Tabitha Development Corporation, a Nebraska corporation; Tabitha Village, Inc., a Nebraska corporation; Tabitha Home, a Nebraska corporation; and Autumn Wood Venture, a Nebraska corporation, as owners of real estate in Lancaster County, Nebraska, have appealed the decree foreclosing real estate tax liens of Lancaster County in consolidated actions involving tax sale certificates purchased by the county and foreclosure of tax liens represented by those certificates.

A review of applicable statutes will assist understanding the positions taken by the parties.

Neb. Rev. Stat. § 77-1824 (Reissue 1986) states in part: "The owner or occupant of any land sold for taxes or any person having a lien thereupon or interest therein, may redeem the same at any time before the delivery of tax deed by the county treasurer . . . ."

Neb. Rev. Stat. § 77-1837 (Reissue 1986) states in part:

(1) Except as provided in subsection (2) of this section, at any time within ninety days after the expiration of three years from the date of sale of any real estate for taxes or special assessments, if the same shall not have been redeemed, the county treasurer, on request, and on production of the certificate of purchase, and upon compliance with the provisions of sections 77-1801 to 77-1837, shall execute and deliver to the purchaser, his heirs or assigns, a deed of conveyance for the real estate described in such certificate.

Neb. Rev. Stat. § 77-1902 (Reissue 1986) in pertinent part provides:

(1) Where land has been sold for delinquent taxes and a tax sale certificate or tax deed has been issued, the holder of such tax sale certificate or tax deed may, instead of

demanding a deed or, if a deed shall have been issued, by surrendering the same in court, proceed in the district court of the county in which the land is situated to foreclose the lien for taxes represented by the tax sale certificate or tax deed, and all subsequent tax liens thereon, in the same manner and with like effect as in the foreclosure of a real estate mortgage, except as otherwise specifically provided by sections 77-1903 to 77-1917. Except as provided in subsection (2) of this section, *such action shall only be brought within ninety days after the expiration of the time for redemption from the tax sale upon which the tax sale certificate or tax deed is based.*

(Emphasis supplied.) Neb. Rev. Stat. § 77-1917 (Reissue 1986) in part recites: "Any person, entitled to redeem any lot or parcel of land, may do so at any time after the decree of foreclosure and before the final confirmation of the sale . . . ."

Last, but certainly not least, is Neb. Const. art. VIII, § 3, pertaining to the right of redemption:

The right of redemption from all sales of real estate, for the non-payment of taxes or special assessments of any character whatever, shall exist in favor of owners and persons interested in such real estate, for a period of not less than two years from such sales thereof. Provided, that occupants shall in all cases be served with personal notice before the time of redemption expires.

Since certain real estate taxes and assessments for prior years were unpaid, on August 22, 1980, Lancaster County issued and purchased tax sale certificates for such unpaid levies, see Neb. Rev. Stat. § 77-1809 (Reissue 1986) (delinquent tax sales; purchase by county), which certificates matured on August 23, 1983, entitling Lancaster County to a treasurer's tax deed on real estate which had not been redeemed. See § 77-1837. In the present case, the owners' real estate was not redeemed. On November 22 and November 23, 1983, that is, 91 and 92 days after its tax sale certificates had matured, Lancaster County commenced actions to foreclose those certificates pursuant to § 77-1902(1).

The owners responded that the county's actions were barred by the 90-day limit prescribed by § 77-1902(1). On October 8,

1985, the district court found that Lancaster County had timely commenced its actions, and subsequently entered a decree foreclosing the tax liens of the tax sale certificates. In ruling that Lancaster County had timely filed its petitions, the district court apparently relied upon *Bish v. Fletcher*, 219 Neb. 863, 366 N.W.2d 778 (1985), which was issued approximately 6 months before the district court's decree of foreclosure.

In this appeal, the sole issue is whether the county filed its foreclosure actions within the time specified in § 77-1902(1). We are not concerned here with the county's tax lien, which continues until that lien has been divested by payment of taxes or sale of real estate in foreclosure of such lien as authorized in Neb. Rev. Stat. § 77-1901 (Reissue 1986). See *County of Valley v. Milford*, 70 Neb. 313, 97 N.W. 310 (1903).

The real estate owners contend that the "time for redemption" expressed in § 77-1902(1) expires when a tax sale certificate matures 3 years after the tax sale. Thus, the owners argue that the tax sale certificates in the present cases matured on August 23, 1983, and that the county's petitions for foreclosure, which were filed more than 90 days after expiration of the time for redemption, were not filed within the time limits specified in § 77-1902(1).

All parties in the present proceedings pointedly criticize *Bish v. Fletcher, supra*, where, similar to the present case, the appellees held a tax sale certificate which matured on August 23, 1983. Rather than demanding a tax deed, the appellees in *Bish* filed a petition to foreclose the lien of their tax sale certificate in the district court on February 3, 1984, pursuant to § 77-1902. In holding that the petition, which was filed 164 days after the tax sale certificate had matured, was timely filed, we stated:

> [A] holder of a tax certificate may request a deed at any time after 3 years from the date of sale and up until 90 days thereafter, and because § 77-1824 allows the owner to redeem at any time before delivery of a tax deed, it would be possible for the period of redemption to cover at least 3 years and 90 days. The time for redemption would finally expire in this case on November 21, 1983. The action to foreclose had to be brought within 90 days of that date,

which it was.

219 Neb. at 865, 366 N.W.2d at 780. In *Bish* we held that the "time for redemption" from a tax sale was 3 years and 90 days and that a petition to foreclose the lien of a tax sale certificate may be brought within 90 days after expiration of the "3 years and 90 days" period. Thus, in *Bish* this court equated "time for redemption" (§ 77-1902) with the "right of redemption" (§§ 77-1824 and 77-1917).

The focal point of this case is a characterization or illustration of the phrase "time for redemption" found in § 77-1902(1).

Guided by the language "for a period of not less than two years" found in Neb. Const. art. VIII, § 3, this court long recognized 2 years as the period of time for redemption in reference to tax sales. For example, in *McGavock v. Pollack*, 13 Neb. 535, 536, 14 N.W. 659 (1882), this court examined statutes which provided: " 'The owner or occupant of any lands sold for taxes . . . may redeem the same at any time within two years after the day of sale,' " and " 'If no person shall redeem such lands within 2 years, at any time after the expiration thereof [a treasurer's deed may be delivered to the purchaser].' " (Emphasis omitted.) In construing the foregoing statutes, this court, in *McGavock*, declared void a tax deed issued 1 day before expiration of the 2-year time for redemption and stated at 536, 14 N.W. at 659: "[T]he owner of land sold for taxes, or other interested person, shall have two full years 'after the day of such sale' within which to redeem it." (Emphasis omitted.)

*Parker v. Matheson*, 21 Neb. 546, 32 N.W. 598 (1887), involved a petition filed on February 21, 1885, to foreclose a lien based on a tax sale certificate purchased on February 5, 1878. *Parker* involved a statute providing a 2-year period for redemption and a 5-year limitation for foreclosure of a tax sale lien. Deciding that the foreclosure action was barred because the proceedings were not commenced within the statutory time, this court expressed in *Parker*:

> The action to foreclose could not have been brought until the time given to redeem had expired. . . . The sale was simply void and conferred a lien for the taxes which might be foreclosed after the expiration of the time in which the

defendant might redeem. That time was two years from date of sale. February 6th, 1880, the action could have been maintained. The suit was instituted February 21st, 1885, five years and fifteen days after the expiration of the time for redemption.

21 Neb. at 547, 32 N.W. at 598. In *County of Valley v. Milford*, 70 Neb. 313, 316, 97 N.W. 310, 311 (1903), which also involved a 5-year statute of limitations for foreclosure of a lien acquired through a tax sale certificate, we stated:

In view of the constitutional provision which provides that the tax debtor may redeem from the tax sale at any time within two years, and in view of other provisions of the statute, this court has repeatedly held that the five years, within which foreclosure proceedings might be brought, did not commence to run until the expiration of the two years within which the tax debtor might redeem from the sale.

An analysis of the time allowed for redemption from a tax sale and lien is found in *Connely v. Hesselberth*, 132 Neb. 886, 889, 273 N.W. 821, 823 (1937):

Where there has been a valid administrative sale by the county treasurer to a private individual and he has not brought foreclosure action until more than two years after the issuance of the tax sale certificate, the owner, or other person interested, is not entitled to two years in which to redeem from the confirmation of sale under decree of foreclosure. He is entitled to only one two-year period, and that has been given from the time of the administrative sale and before the commencement of the foreclosure action. It is true, however, that in such case he is entitled to an additional period in which to redeem; that is, at any time prior to the confirmation of the sale. The correct rule is that owners and others interested in realty, sold under decree foreclosing valid tax sale certificate, where foreclosure was commenced more than two years subsequent to issuance of tax sale certificate, are barred from the right of redemption on confirmation of such judicial sale.

See, also, *Peterson v. Swanson*, 133 Neb. 164, 274 N.W. 482

(1937); *County of Madison v. Walz*, 144 Neb. 677, 14 N.W.2d 319 (1944); *County of Lincoln v. Provident Loan & Investment Co.*, 147 Neb. 169, 22 N.W.2d 609 (1946). In *Connely*, this court recognized the very important distinction between the "time for redemption," which was the constitutional right of redemption for 2 years from the date of the tax sale, and the statutory right of redemption which existed thereafter until confirmation of a judicial sale of the property. In *Bish v. Fletcher*, 219 Neb. 863, 366 N.W.2d 778 (1985), we overlooked such distinction between "time for redemption" and "right of redemption." Also, the 2-year "time for redemption" was statutorily expressed in § 77-1837 (Reissue 1971): "At any time within three years after the expiration of two years from the date of sale of any real estate for taxes or special assessments," making it clear that, after expiration of the 2 years for redemption, a purchaser of a tax sale certificate had 3 years to obtain a treasurer's tax deed. By virtue of §§ 77-1824 and 77-1917 (Reissue 1971), the right of redemption continued, however, until either a treasurer's tax deed was issued or there was judicial confirmation of a sheriff's sale in foreclosure of the lien for delinquent taxes.

In 1975, the Nebraska Legislature passed L.B. 78, which amended § 77-1837, expanding the time for redemption to 3 years and decreasing the time for commencement of a tax lien foreclosure or acquisition of a treasurer's tax deed, namely, a decrease from 3 years to 90 days after expiration of the time for redemption.

Returning to *Bish v. Fletcher, supra*, we concluded that since a *right* of redemption existed anytime until the issuance of a tax deed (§ 77-1824 (Reissue 1986)), the *time* for redemption (§ 77-1902(1) (Reissue 1986)) coexisted for the same duration. However, the ultimate extension of the *Bish* rule—"time for redemption" and "right of redemption" exist for the same duration—ironically produces a peculiar result. Under § 77-1902, a tax foreclosure cannot be commenced until the time for redemption has expired. Yet, under § 77-1917 (Reissue 1986), a right of redemption exists in a tax foreclosure until the sale in the foreclosure proceeding is confirmed, concluding the foreclosure and extinguishing the right of redemption.

According to *Bish*, the time for redemption and the right of redemption endure for the same period, that is, until confirmation of a tax foreclosure sale. But a tax foreclosure proceeding cannot be commenced before expiration of the time for redemption (§ 77-1902), that is, according to *Bish*, until a tax foreclosure sale has been confirmed. Therefore, as a result of *Bish*, a tax foreclosure proceeding cannot be commenced until such foreclosure proceeding has been concluded by confirmation. We do not believe such a catch-22 was intended as a part of the statutory scheme pertaining to tax foreclosure sales.

"One of the fundamental principles of statutory construction is to attempt to ascertain the legislative intent and to give effect to that intent." *Spence v. Terry*, 215 Neb. 810, 814, 340 N.W.2d 884, 886 (1983). "When statutory language is ambiguous and must be construed, recourse should be had to the legislative history for the purpose of discovering the intent of the lawmakers." *Witherspoon v. Sides Constr. Co.*, 219 Neb. 117, 121, 362 N.W.2d 35, 40 (1985). See, also, *Worley v. City of Omaha*, 217 Neb. 77, 348 N.W.2d 123 (1984). In determining the intent of the Legislature, the Supreme Court considers the history of the legislation and the reasonableness of an interpretation, weighed against an unreasonable or absurd construction evidently not intended by the Legislature. *Otto v. Hahn*, 209 Neb. 114, 306 N.W.2d 587 (1981). See, also, *Johnson v. School Dist. of Wakefield*, 181 Neb. 372, 148 N.W.2d 592 (1967). "Legislative history includes the record of a floor explanation or debate, which is an extrinsic, secondary source in statutory interpretation." *Spence v. Terry, supra* at 815, 340 N.W.2d at 887.

A review of the legislative history of L.B. 78, which amended § 77-1902 in 1975, discloses that the bill's introducer stated during floor debate:

> [W]e have spelled this out plainly what our intent was in three years to bring this back for a tax sale. . . . [T]his is quite plain now and it does bring it down to three years and then they have to move on it in 90 days after that three year period.

Floor Debate, L.B. 78, 84th Leg., 1st Sess. 1592 (Mar. 19,

1975). The Legislature intended that a tax foreclosure under § 77-1902 can only be brought within the 90 days immediately after expiration of 3 years from the tax sale on which a tax sale certificate or tax deed is based.

We now hold that the "time for redemption," as such phrase is used in § 77-1902, is the 3 years immediately following a delinquent tax sale and that an action to foreclose a tax lien pursuant to § 77-1902 can only be brought within the 90 days immediately after expiration of such time for redemption. Consequently, *Bish v. Fletcher*, 219 Neb. 863, 366 N.W.2d 778 (1985), stating that the "time for redemption" is 3 years and 90 days from the date of a tax sale, is overruled.

We must, therefore, reverse the judgment of the district court and remand this matter with direction to dismiss the actions of Lancaster County because the county's petitions were not filed within the time prescribed by § 77-1902.

REVERSED AND REMANDED WITH DIRECTION.