REQUESTED BY: M. Berri Balka, State Tax Commissioner
You have requested our opinion as to whether or not the language excluding the depreciation surcharge on "motor vehicles" in § 20(2) of LB 829 encompasses semi-trailers and trailers. You have informed us that the effect of our determination mandates whether depreciation amounts on semi-trailers and trailers, taken as a deduction for federal income tax purposes, are included in determining depreciation subject to the surcharge.
Section 20(2) of LB 829 provides, in pertinent part, as follows:
 Depreciation shall mean any deduction for cost recovery allowable under sections 167, 168, 169, or 179 of the Internal Revenue Code of 1986, as amended, on tangible property held for the production of income, other than motor vehicles required to be registered under §§ 60-301 to 60-347. (emphasis added).
Neb.Rev.Stat. § 60-301 (Cum. Supp. 1990) provides in part:
 Terms, defined. For purposes of Chapter 60, article 3, unless the context otherwise requires: . . . (16) motor vehicle shall mean any vehicle propelled by any power other than muscular power, except (a) mopeds, (b) farm tractors, (c) self-propelled equipment designed and used exclusively to carry and apply fertilizer, chemicals, or related products to agricultural soil and crops and other implements of husbandry designed for and used primarily for tilling as a soil and harvesting crops or feeding. livestock, (d) power unit hay grinders or a combination which includes a hay grinder when operated without cargo; (e) vehicles which run only on rails or tracks, (f) off-road designed vehicles including, but not limited to, golf carts, go-carts, riding lawn mowers, garden tractors, all-terrain vehicles as defined in section 60-2801, snowmobiles, and minibikes, and (g) road and general-purpose construction and maintenance machinery not designed or used primarily for the transportation of persons or property, including, but not limited to, ditch digging apparatus, asphalt spreaders, bucket loaders, leveling graders, earth moving carryalls, power shovels, earth moving equipment, crawler tractors, and self-propelled invalid chairs; . . . .
As noted above, § 20(2) of LB 829 exempts motor vehicles "required to be registered" under Neb.Rev.Stat. §§ 60301 to 60-347. In addition to "motor vehicles" defined under § 60-301(16), trailers and semi-trailers are required to be registered under Chapter 60, article 3. These terms are defined, "for purposes of Chapter 60, article 3," as follows:
 . . . (22) Semi-trailer shall mean any vehicle without motive power designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that some part of its weight and that of its load rests upon or is carried by the towing vehicle; . . . (24) Trailer shall include every vehicle without motive power designed for carrying persons or property and being pulled by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle; . . . .
Neb.Rev.Stat. § 60-301(22) and (24) (Cum. Supp. 1990). (emphasis added).
Section. 20(2) of LB 829 does not refer to motor vehicles as definedby §§ 60-301 to 60-347; rather, § 20(2) merely refers to motor vehicles "required to be registered" under §§ 60-301 to 60-347. Section 60-301 specifically provides that the definition contained therein apply "for purposes of Chapter 60, article 3, unless the context otherwise requires. . . ." Accordingly, we do not believe it is entirely clear that the Legislature intended to adopt the definition of "motor vehicles" in § 60-301(16) for purposes of applying the exclusion from the depreciation surcharge contained in § 20 of LB 829.
A fundamental principle of statutory construction is to attempt to ascertain legislative intent and to give effect to that intent. County ofLancaster v. Maser, 224 Neb. 566, 400 N.W.2d 238 (1987). The reasons for the enactment of a statute, and the purposes and objects of the act, may be guides in attempting to give effect to the intent of lawmakers. Statev. Jennings, 195 Neb. 434, 238 N.W.2d 477 (1976). In construing a legislative act, resort may be had to the history of its passage for the purpose of determining legislative intent. Georgetowne Ltd. Partnershipv. Geotechnical Services, Inc., 230 Neb. 22, 430 N.W.2d 34 (1988).
An examination of the legislative history of LB 829 reveals that on June 3, 1991, the following exchange occurred:
 Senator Pirsch: Senator Hall, I was going to ask you somewhat the line of Senator Hefner, but I don't know if I dare. The first part of your amendment takes off all motor vehicles.
Senator Hall: Yes.
 Senator Pirsch: And the reason we are doing that is because they are in the constitution and they are ready being kept under are personal property scheme of today?
Senator Hall: That is correct.
 Senator Pirsch: And I am glad that you did that because there was a lot of apprehension and concern by particularly the trucking industry. . . .
Floor Debate on LB 829, June 3, 1991, p. 6R.
The legislative history of LB 829 reveals that the amendment was adopted to provide an exception from the depreciation surcharge for "motor vehicles" was based on an apparent legislative intent to exclude all vehicles, including semi-trailers and trailers used by the trucking industry, in order to avoid "double taxation" of "vehicles subject to taxation pursuant to Neb.Rev.Stat. § 77-1238 et seq. (Reissue 1990). In this regard, we note that 77-1238(1) defines the term "motor vehicle", as used in § 77-1239 to 77-1242.02, as follows:
 Motor vehicle shall mean every motor vehicle and trailer, . . . subject to the payment or registration fees, permit fees, or ad valorem taxes under the laws of this state and every cabin trailer, as defined in section 60-301, and subject to taxation and registered for operation upon the highways of this state; . . . .
Statutes which relate to the same subject, although enacted at different times, are in pari materia and should be construed together.Dugdale of Nebraska, Inc. v. First State Bank, Gothenberg, 227 Neb. 729,420 N.W.2d 273 (1988). When considering a series or collections of statutes pertaining to a certain subject matter which are in pari materia, statutes may be conjunctively considered and construed to determine the intent of the Legislature so that different provisions of the act are consistent and sensible. In re Application of U-2,226 Neb. 594, 413 N.W.2d 290 (1987).
Thus, given the Legislature's intent to provide relief from "double taxation" by excluding vehicles subject to taxation in lieu of ad valorem taxes from the surcharge imposed in § 20(2) of LB 829, we believe it is reasonable to construe the amendment adopted to Chapter 77 (concerning revenue and taxation) by the passage of LB 829 together with the provisions of §§ 77-1238 to 77-1242.02 to conclude that the Legislature intended the exception to apply to semi-trailers and trailers subject to taxation under § 77-1238 to 77-1242.02.[1]
In conclusion, it is our opinion that the exclusion from the depreciation surcharge provided for "motor vehicles" under this section should be construed to encompass semi-trailers and trailers, in order to effectuate the Legislature's intent to avoid "double taxation" of such vehicles. Given the ambiguity created by the language employed by the Legislature in enacting this exemption, however, it may well be appropriate for the Legislature to provide clarifying language specifically addressing this issue, should it maintain the depreciation surcharge in future tax years.
Very truly yours,
 DON STENBERG Attorney General
 L. Strven Grasz Deputy Attorney General
Approved By:
__________________________ Attorney General
03-01-6.91
[1] We also note the Constitution contemplates that semi-trailers and trailers are within the broad class of motor vehicles, providing, in part, "The Legislature may provide for a different method of taking motor vehicles . . . and may also establish a separate class for trucks, trailers, semi-trailers, truck-tractors, or combinations thereof, . . . . Neb. Const. art. VIII, § 1.