REQUESTED BY: Lawrence Myers, Director, Nebraska Equal Opportunity Commission
Whether an employee hired under the authority of Neb. Rev. Stat. § 81-1316 (Cum. Supp. 1992), which permits agencies to hire discretionary non-classified personnel, is exempt from coverage under the Nebraska Fair Employment Practice Act.
Yes. Employees hired under Neb. Rev. Stat. §81-1316 (Cum. Supp. 1992) are exempt from the Nebraska Fair Employment Practice Act.
You have asked whether the Nebraska Equal Opportunity Commission has jurisdiction over a charge of discrimination made in reference to an employee hired under Neb. Rev. Stat. § 81-1316 (Cum. Supp. 1992).
In § 81-1316, the Nebraska State Legislature carved out clearly defined exceptions to the class of employees covered by the State Personnel System. These exceptions were designed to allow agency heads "to recruit, hire and supervise policymaking personnel without restrictions from selection procedures, compensation rules, career protections, and grievance privileges." §81-1316(2). Emphasis added.
Our conclusion that the Nebraska Fair Employment Practice Act NFEPA, Neb. Rev. Stat. § 48-1101 et seq. (1988), does not cover state employees hired under the provisions of § 81-1316 is based on two factors.
First, the plain language of Neb. Rev. Stat. §81-1316 allows agencies to hire discretionary non-classified employees. These employees are not covered by the Nebraska Classified System Personnel Rules and Regulations. The Statute clearly states that the purpose of creating such positions was to allow agency heads to hire a few high-level, confidential or policymaking employees "without restrictions from selection procedures, compensation rules, career protections, and grievance privileges." The statute further explains that these individuals serve at the pleasure of the agency head and shall be paid salaries set by the agency head. The applicable portion of § 81-1316 was passed in 1987. So, any part of it that appears to contradict the provisions of NFEPA § 48-1102(2) takes precedence over § 48-1102(2), which was enacted earlier.
A legislative act which is complete in itself and is repugnant to or in conflict with a prior law repeals the prior law by implication to the extent of the repugnancy or conflict. State v. Fellman, 236 Neb. 850, 464 N.W.2d 181
(1991). NFEPA is patterned after the Civil Right Act of 1964, and the Nebraska Supreme Court has announced that "it is appropriate to look to federal court decisions construing similar and parent legislation" when interpreting the language of NFEPA. Airport Inn v. Nebraska Equal Opportunity Commission, 217 Neb. 852, 353 N.W.2d 727 (1984). The United States Civil Rights Act of 1964, as codified at 42 U.S.C. § 2000e(f) specifically exempts "appointees on the policy making level or an immediate adviser with respect to the exercise of the constitutional or legal powers of the office." The federal law also makes it clear that the exemption does not apply to employees subject to civil service laws. While the NFEPA does not contain a similar exemption, it is clear that passage of Neb. Rev. Stat. § 81-1316
exempted appointees from the provisions of NFEPA.
Second, the legislative history of Neb. Rev. Stat. § 81-1316 also supports this conclusion. A review of the legislative history, particularly the Introducer's Statement of Intent reveals that § 81-1316 was designed to:
 allow each agency head to exempt a certain number of positions from the State Personnel system, based on the number of employees in the agency. The purpose of this is to allow the agency head more latitude in hiring certain key personnel without reference to usual personnel rules. Such persons would serve at the pleasure of the director, and would be paid a salary set by the director.
Ninetieth-Legislative, First Session, Introducer's Statement of Intent, Committee Records LB 491, 1987.
 One of the fundamental principles of statutory construction is to attempt to ascertain the legislative intent and to give effect to that intent. In determining the intent of the Legislature, the Supreme Court considers the history of the legislation and the reasonableness of an interpretation, weighed against an unreasonable or absurd construction evidently not intended by the Legislature. County of Lancaster v. Maser 224 Neb. 566, 400 N.W.2d 238 (1987). It is our opinion that employees hired under the authority of § 81-1316 are exempt from coverage under NFEPA.
Sincerely yours,
DON STENBERG Attorney General
Alfonza Whitaker Assistant Attorney General
Approved: Attorney General 29-359-5.