ALICE BROWN, APPELLANT, V. OTIS GLEBE, APPELLEE.

328 N.W.2d 786

Filed January 14, 1983. No. 81-735.

Walter M. Calinger of Wall, Wintroub & Weiner, for appellant.

James P. Miller, for appellee.

KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.:

The appellant, Alice Brown, filed this suit on November 6, 1980, seeking to remove a cloud on the title to certain property allegedly owned by Brown in Omaha, Douglas County, Nebraska. The appellee, Otis Glebe, had acquired title to the Brown property in October of 1971 after securing a sheriff's deed to the property and holding it for 2 years prior to confirmation as provided by the provisions of Neb. Rev. Stat. §§ 77-1903 and 77-1913 (Reissue 1981). Following trial, the trial court quieted title to the property in Glebe under certain conditions. For reasons set out more particularly in this opinion, we believe that, on the basis of the record before us, the decision of the trial court was in error and its judgment must be reversed and the cause remanded.

The record discloses that in 1955 Brown acquired title to certain real estate in Omaha, Douglas

County, Nebraska, described as Lot 5, Block 42, Kountze Place, an Addition to the City of Omaha, Douglas County, Nebraska. Brown acquired title to the property by warranty deed from the previous owners and has been in continuous physical possession of the property since that date.

The record further discloses that Brown failed to pay some, if not all, of the real estate taxes on the property between the date of its purchase in 1955 and 1970. The county attorney thereafter proceeded to foreclose on the property pursuant to the provisions of Neb. Rev. Stat. § 77-1918 (Reissue 1981). Glebe purchased the property at the tax foreclosure sale for $310. As already noted, at the time the tax foreclosure proceedings were brought in 1971, Brown was in actual possession of the property, and according to her testimony was never served with notice of the foreclosure action. For reasons which are not at all clear, Glebe refused to introduce into evidence the sheriff's return filed in the foreclosure action showing service on Brown, if in fact such service was made. Brown continued to live on the property after the sheriff's sale and made monthly rental payments to Glebe, under what she described as "protest." Glebe, having apparently taken a lesson from Brown, likewise failed to pay any taxes on the subject property, and on November 7, 1977, Brown obtained a county treasurer's certificate of tax sale after paying $965.45 in satisfaction of delinquent city and county taxes for the years 1973 through 1977. This was pursuant to the provisions of Neb. Rev. Stat. § 77-1809 (Reissue 1981).

In 1980 Brown filed this suit to quiet title to the property and prayed for equitable relief. One ground for relief was that the sheriff's deed issued to Glebe should be set aside due to the fact that she was not served and therefore his deed was void, or, in the alternative, that title be quieted in her favor by foreclosing her tax certificate pursuant to the provisions of Neb. Rev. Stat. § 77-1831 (Reissue 1981).

Following trial, the District Court held that Glebe was the title owner of the property by virtue of the sheriff's deed dated November 1, 1973. It also found that the tax certificate purchased by Brown was merely a lien upon the property and ordered that the property be sold unless Glebe pay to Brown the amount of the lien within 20 days after entry of the decree. Glebe in fact paid the required sum into the court registry within the 20 days and Brown perfected this appeal.

Since this is an equitable action, difficult as that may be to glean from the facts of this case, it is the duty of this court to try the issues de novo on the record and reach independent conclusions without being influenced by the findings of the trial court. See, *Sturm v. Mau,* 209 Neb. 865, 312 N.W.2d 272 (1981); *Bartlett v. Kloepping,* 195 Neb. 755, 240 N.W.2d 592 (1976). The first issue which must be addressed is whether the record shows that Brown was served in the foreclosure action. The only evidence in this record concerning service on Brown is Brown's own uncontradicted and unimpeached testimony that she never received service of process with regard to the foreclosure. Glebe argues that there is a presumption of validity pursuant to the provisions of Neb. Rev. Stat. § 77-1842 (Reissue 1981), and therefore Brown must overcome the presumption by evidence greater than her own unsupported statements. Unfortunately, Glebe is simply in error in this regard. It is true that § 77-1842 establishes various presumptions of validity. The difficulty, however, is that the provisions of § 77-1842 have no application in the instant case. Glebe has failed to recognize that there are two separate and distinct methods for the handling of delinquent real estate taxes. One method is set out in Chapter 77, article 18, and deals with what are commonly referred to as "treasurer's certificates" or "treasurer's deeds." See Neb. Rev. Stat. §§ 77-1801 to 77-1863 (Reissue 1981). A second method is contained in Chapter 77, article 19, and

deals with what are commonly referred to as "sheriff's deeds," following a traditional foreclosure. See Neb. Rev. Stat. §§ 77-1901 to 77-1941 (Reissue 1981). The methods are neither the same nor duplicative of each other, and the provisions of Chapter 77, article 18, are not interchangeable with the provisions of Chapter 77, article 19, though Glebe attempts to make them so. Sheriff's deeds are specially covered by §§ 77-1901 et seq. and, unlike the provisions for tax certificates, there is no section establishing a presumption regarding service, as is true in the case of a treasurer's deed. There is no authority in this court to transfer a portion of one statute to another.

Because no presumption as to service is created by statute, the uncontroverted and unimpeached testimony of Brown that she was never served stands unrebutted. That defect is fatal to this action. In *Gage v. Bani,* 141 U.S. 344, 357, 12 S. Ct. 22, 35 L. Ed. 776 (1891), the U.S. Supreme Court, speaking on this matter of evidence of service, said: "[T]he evidence should be clear and convincing that it was given, as required by law . . . ." In the instant case not only is there an absence of any evidence concerning the fact that proper service was had but, rather, the clear and convincing evidence is to the contrary. This requires a holding that the deed held by Glebe is void. A decree of foreclosure of a tax lien is of no effect as against the persons who were, at the time of the foreclosure, in actual possession and who were not made parties defendant in the action and had no notice or knowledge of the suit. See, *Winkle v. Mitera,* 195 Neb. 821, 241 N.W.2d 329 (1976); *Harris v. Heeter,* 137 Neb. 905, 291 N.W. 721 (1940). Absent service on a party in possession, the trial court obtains no jurisdiction over the person and the order is totally void and may be subject to collateral attack. *Sileven v. Tesch,* 212 Neb. 880, 326 N.W.2d 850 (1982). Because the record as presented to us establishes that Brown was never given

notice of the tax foreclosure, as she was entitled to receive, the District Court's order foreclosing the property against Brown and issuing the sheriff's deed was void ab initio. *Winkle v. Mitera, supra.* Because the judgment granting Glebe title by virtue of the sheriff's deed was void ab initio, title to the questioned real estate must be quieted in Brown, the record titleholder. However, because this is an equitable proceeding, we believe Brown must, as a condition of obtaining a decree quieting title to the questioned property in her, pay Glebe the amount of the purchase price paid by Glebe at the void sale, plus interest. See *Loney v. Courtnay,* 24 Neb. 580, 39 N.W. 616 (1888). This she must do within 20 days of the issuance of the mandate in this matter. Due to our holding in this case, we need not consider any other claims made by the parties hereto.

REVERSED AND REMANDED WITH DIRECTIONS.

CLINTON and CAPORALE, JJ., not participating.