KLH RETIREMENT PLANNING, LTD., A NEBRASKA LIMITED PARTNERSHIP, APPELLEE, V. JOHN D. CEJKA AND ANN MARIE CEJKA, HUSBAND AND WIFE, APPELLANTS, AND LINCOLN GOODYEAR EMPLOYEES FEDERAL CREDIT UNION ET AL., APPELLEES.

530 N.W.2d 279

Filed April 18, 1995.   No. A-93-564.

Leonard Dunker for appellants.

Peter W. Katt, of Pierson, Fitchett, Hunzeker, Blake & Loftis, for appellee KLH Retirement Planning, Ltd.

HANNON, IRWIN, and MUES, Judges.

IRWIN, Judge.

John D. Cejka and Ann Marie Cejka appeal from a summary judgment and decree foreclosing a real estate tax lien on their real property. The foreclosure action was brought by KLH Retirement Planning, Ltd. (KLH), as the holder of a tax sale certificate to the property. See Neb. Rev. Stat. § 77-1902 (Reissue 1990). Appellants claim, among other things, that the district court erred in finding that they were prohibited by law from redeeming the tax certificate after KLH had filed the foreclosure action. Because a landowner may redeem a tax sale certificate at any time prior to confirmation of judicial sale, even while a foreclosure action is pending, we must reverse, and remand for further proceedings.

### SUMMARY OF FACTS

Appellants are the owners of real estate described as Lot 28

of Irregular Tracts in the northeast quarter of Section 17, Township 10 North, Range 7 East of the 6th P.M., Lincoln, Lancaster County, Nebraska. From 1988 through October 15, 1992, appellants failed to pay the real estate taxes levied on the property. On September 28, 1989, Lancaster County issued and purchased a tax sale certificate for the property, see Neb. Rev. Stat. § 77-1809 (Reissue 1990). The tax sale certificate was assigned to KLH for $7,603 on September 25, 1992.

On October 13, KLH filed a petition in the district court for Lancaster County to foreclose the lien on the property. See § 77-1902. On October 15, appellants tendered payment of the taxes and interest due on the property to the Lancaster County treasurer, who issued them a certificate of redemption in the amount of $7,664. Thereafter, the county treasurer tendered the redemption proceeds to KLH, who in turn rejected the tender.

Appellants filed an answer in the foreclosure action, claiming that they had redeemed the tax sale certificate by tendering payment of the taxes due. In a reply, KLH maintained that appellants' redemption was invalid because redemption is not allowed by law while a foreclosure action is pending.

On March 23, 1993, KLH filed a motion for summary judgment. A hearing regarding the motion was held on March 31, after which the court took the matter under submission. The court granted the motion, and a decree was signed by the court on May 28 and filed on June 4. In the decree, the court found as a matter of law that appellants could not redeem the tax sale certificate on October 15, 1992. The court found that the amount owed on the certificate with interest, costs, and statutory attorney fees was $9,030. The court also ordered that appellants' land be sold as upon execution unless the above amount was satisfied within 20 days of the decree. Appellants thereafter appealed to this court.

## ASSIGNMENTS OF ERROR

Although appellants have assigned six errors on this appeal, our resolution of one of the assigned errors disposes of this appeal, and we thus need not address the remaining assigned errors. See *Kelly v. Kelly*, 246 Neb. 55, 516 N.W.2d 612 (1994). In the assigned error which we shall address, appellants claim

that the trial court erred in failing to acknowledge a property owner's right to redeem a tax sale certificate at any time prior to a decree of confirmation after sale.

## STANDARD OF REVIEW

■ Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *LaBenz Trucking v. Snyder*, 246 Neb. 468, 519 N.W.2d 259 (1994); *Dalton Buick v. Universal Underwriters Ins. Co.*, 245 Neb. 282, 512 N.W.2d 633 (1994); *Hillie v. Mutual of Omaha Ins. Co.*, 245 Neb. 219, 512 N.W.2d 358 (1994).

■ In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *LaBenz Trucking, supra*; *Hillie, supra*; *Hawkins Constr. Co. v. Reiman Corp.*, 245 Neb. 131, 511 N.W.2d 113 (1994).

■ The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. ·*Rath v. Selection Research, Inc.*, 246 Neb. 340, 519 N.W.2d 503 (1994); *Healy v. Langdon*, 245 Neb. 1, 511 N.W.2d 498 (1994); *Transamerica Commercial Fin. Corp. v. Rochford*, 244 Neb. 802, 509 N.W.2d 214 (1993).

## DISCUSSION

*Time for Redemption.*

The central issue that we address in this decision is whether a delinquent taxpayer may redeem a tax sale certificate after the holder of the certificate has filed a foreclosure action under § 77-1902.

Chapter 77 of the Nebraska Revised Statutes provides two separate and distinct methods for the handling of delinquent real estate taxes. The first method is set forth in chapter 77, article 18, and the second is set forth in chapter 77, article 19. See, Neb. Rev. Stat. §§ 77-1801 to 77-1863 and 77-1901 to

77-1941 (Reissue 1990); *Brown v. Glebe*, 213 Neb. 318, 328 N.W.2d 786 (1983). The method set forth in article 18 involves no judicial proceedings or judicial sale and allows an owner to redeem his property that has been sold for taxes at any time before the county treasurer delivers a "tax deed." See § 77-1824. In this case, KLH did not pursue the method set forth in article 18.

The method set forth in article 19 involves judicial proceedings and was used by KLH in this case. See §§ 77-1901 to 77-1941. Section 77-1902 provides that the holder of a tax sale certificate may, within 6 months after the expiration of 3 years from the date of the administrative sale, surrender the certificate in the district court and foreclose the lien for the delinquent taxes. Section 77-1909 provides that costs are to be assessed against the real estate and a 10-percent attorney fee awarded to the plaintiff and taxed as part of the costs of the foreclosure action. With regard to redemption, § 77-1917 provides:

> Any person, entitled to redeem any lot or parcel of land, may do so at any time after the decree of foreclosure and before the final confirmation of the sale by paying to the clerk of the district court the amount found due against the same, with interest and costs to the date of redemption . . . ."

KLH claims that once a petition for foreclosure has been filed, the redemption provisions in § 77-1824 no longer apply, and that § 77-1917 governs the time for redemption. Since § 77-1917 only mentions redemption after foreclosure and before confirmation, KLH argues, redemption is not allowed while the foreclosure action is pending. However, a review of appellate decisions regarding redemption leads us to conclude that redemption is permitted while a foreclosure action is pending.

In *County of Lancaster v. Maser*, 224 Neb. 566, 400 N.W.2d 238 (1987), the court stated that by virtue of §§ 77-1824 and 77-1917, the right of redemption *continues* until either a treasurer's tax deed is issued or there is a judicial confirmation of sale. The court in *Maser* did not recognize any period of time after the administrative sale and before confirmation when

redemption was not permitted.

    ■ The Nebraska Supreme Court has also recognized, in *Merrill v. Jones*, 39 Neb. 763, 58 N.W. 449 (1894), that redemption is permissible while a foreclosure action is pending. In *Merrill*, a defendant in a tax foreclosure action had tendered the plaintiff the amount of the tax sale certificate, plus interest and costs of the foreclosure action, after the foreclosure action had been filed. The plaintiff refused the tender. The action was tried, and judgment was rendered for the plaintiff for the amount of the tax sale certificate, plus interest and costs. The plaintiff appealed, claiming that he should have been awarded an attorney fee. The Nebraska Supreme Court rejected plaintiff's claim, stating, "It cannot be disputed that if a tender is made *in an action of foreclosure* . . . of the sum due, with interest and costs to [the] date of tender, it will be sufficient, and any further proceedings in the case by plaintiff will be at his cost . . . ." (Emphasis supplied.) *Id*. at 768, 58 N.W. at 451.

    ■ While the issue of whether redemption is permitted during a foreclosure action was not directly addressed in these cases, they nonetheless indicate that a landowner may redeem a tax sale certificate after a foreclosure action has been filed. Indeed, to hold that a landowner can exercise his right of redemption before and after a foreclosure action, but not during a foreclosure action, would not only amount to a waste of judicial resources, but would lack common sense.

We have examined the real estate mortgage cases cited by KLH for the proposition that redemption is not permitted during a foreclosure action. The court in each of those cases stated that a mortgagor in default for failure to pay taxes on the property could not deprive the mortgagee of his rights under the agreement by paying the taxes after the commencement of the foreclosure action. These cases are not authority for tax foreclosure cases such as the one before us, for the failure to pay taxes in those cases constituted a breach of an agreement between the parties and in no way involved the statutory right of redemption. See, *Jones v. Burr*, 223 Neb. 291, 389 N.W.2d 289 (1986); *Hockett v. Burns*, 90 Neb. 1, 132 N.W. 718 (1911); *Plummer v. Park*, 62 Neb. 665, 87 N.W. 534 (1901).

*Jurisdiction.*

In its brief, KLH raises the jurisdictional issue of whether appellants timely filed a notice of appeal. KLH claims that the district court entered judgment on May 6, 1993, and that appellants' notice of appeal, filed on June 24, was filed outside of the 30-day appeal period set forth in Neb. Rev. Stat. § 25-1912 (Cum. Supp. 1994).

The record on appeal contains a document dated May 6, which the clerk of the district court lists as a "Judges Entry." The "Judges Entry" states in its entirety:

> #1 Mot of Plff for Default or Summary Judgement.
> Motion for Summary Judgement granted.
> Atty Katt to submit decree. Letter to attys.
>                                                 Endacott

KLH claims that because appellants' notice of appeal was filed later than 30 days after this alleged judgment, their appeal was not timely filed.

The Nebraska Supreme Court has recently held that a notice of appeal must be filed within 30 days of the *rendition of judgment* or the *entry of judgment*. See, *Tri-County Landfill v. Board of Cty. Comrs.*, 247 Neb. 350, 526 N.W.2d 668 (1995); *In re Interest of J.A.*, 244 Neb. 919, 510 N.W.2d 68 (1994). Thus, whether appellants' notice of appeal was timely filed in this case depends on whether the "Judges Entry" dated May 6 constituted a rendition of judgment or an entry of judgment.

In *Tri-County Landfill, supra*, the court stated:

> [T]here are two occurrences which may begin the 30-day period in which a notice of appeal must be filed: (1) the rendition of the judgment, which occurs when an oral pronouncement of the judgment is made in open court and a notation of the judgment is made on the trial docket, or (2) the entry of a judgment, which is the act of the clerk of the court in spreading on the court's journal both the proceedings had and the relief granted or denied.

247 Neb. at 354, 526 N.W.2d at 671. Accord *In re Interest of J.A., supra*.

In the present case, the district court took the motion for summary judgment under submission, and there was no oral pronouncement of the judgment in open court. Therefore, the

May 6 "Judges Entry" is not a *rendition of judgment*.

We thus must determine whether the May 6 "Judges Entry" constituted an *entry of judgment*. In *In re Interest of J.A.*, 244 Neb. at 921-22, 510 N.W.2d at 71, the court stated:

> "All judgments and orders must be entered on the journal of the court, and *specify clearly the relief granted or order made in the action*." Neb. Rev. Stat. § 25-1318 (Reissue 1989). Orders which are not announced in open court are not formalized until they have been entered on the journal. Cf. *In re Estate of Seidler*, 241 Neb. 402, 490 N.W.2d 453 (1992).

(Emphasis supplied.)

In the present case, the May 6 "Judges Entry" does not specify the amount of the judgment, nor does it specify whether KLH had been awarded attorney fees, much less the amount of such attorney fees. Therefore, the May 6 entry does not specify clearly the relief granted or order made in this action, and it does not constitute an entry of judgment as that term is used in *In re Interest of J.A., supra*, and *Tri-County Landfill, supra*. We thus reject KLH's jurisdictional claim.

## CONCLUSION

Appellants correctly assert that they tendered redemption in this case. We therefore reverse, and remand for further proceedings consistent with this decision.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.