Paul A. Neun and Crystal A. Neun, appellants, v.
John W. Ewing, Jr., Douglas County Treasurer,
and Anne M. Determan, appellees.

___ N.W.2d ___

Filed May 22, 2015.   No. S-14-623.

1. **Summary Judgment: Appeal and Error.** An appellate court will affirm a lower
   court's grant of summary judgment if the pleadings and admitted evidence show
   that there is no genuine issue as to any material facts or as to the ultimate infer-
   ences that may be drawn from the facts and that the moving party is entitled to
   judgment as a matter of law.
2. ____: ____. In reviewing a summary judgment, an appellate court views the
   evidence in the light most favorable to the party against whom the judgment was
   granted, and gives that party the benefit of all reasonable inferences deducible
   from the evidence.
3. **Motions to Dismiss: Appeal and Error.** A district court's grant of a motion to
   dismiss is reviewed de novo.
4. **Motions to Dismiss: Pleadings: Appeal and Error.** When reviewing an order
   dismissing a complaint, the appellate court accepts as true all facts which are
   well pled and the proper and reasonable inferences of law and fact which may be
   drawn therefrom, but not the plaintiff's conclusion.
5. **Statutes: Appeal and Error.** To the extent an appeal calls for statutory interpre-
   tation or presents questions of law, an appellate court must reach an independent
   conclusion irrespective of the determination made by the court below.
6. **Statutes.** Statutes relating to the same subject are in pari materia and should be
   construed together.
7. **Motions to Dismiss: Pleadings.** To prevail against a motion to dismiss for failure
   to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state
   a claim for relief that is plausible on its face.

Appeal from the District Court for Douglas County: Peter
C. Bataillon, Judge. Affirmed.

Paul D. Heimann, of Erickson & Sederstrom, P.C., for
appellants.

Donald W. Kleine, Douglas County Attorney, and Timothy
K. Dolan for appellee John W. Ewing, Jr.

Jeffrey J. Blumel, of Abrahams, Kaslow & Cassman, L.L.P.,
for appellee Anne M. Determan.

Heavican, C.J., Wright, Connolly, Stephan, McCormack,
Miller-Lerman, and Cassel, JJ.

WRIGHT, J.

## I. NATURE OF CASE

Paul A. Neun and Crystal A. Neun (Appellants) appeal from the order which disposed of their petition for a writ of mandamus against John W. Ewing, Jr., the Douglas County treasurer (Treasurer), and Anne M. Determan, the holder of the tax sale certificate for Appellants' property. Appellants petitioned for such relief after they attempted to redeem their property in the manner prescribed by Neb. Rev. Stat. § 77-1824 (Reissue 2009) and were advised by both the Treasurer and Determan that the only avenue of redemption available to Appellants was Neb. Rev. Stat. § 77-1917 (Reissue 2009), which, unlike § 77-1824, required payment of costs and attorney fees.

Appellants principally challenge the district court's determination that once a foreclosure action was filed, they could not redeem their property under § 77-1824 but had to use the manner of redemption provided in § 77-1917. This determination was the basis for entering summary judgment in the Treasurer's favor. Appellants also challenge the district court's conclusion that Determan did not owe them a duty to return the amount they paid in costs and attorney fees under § 77-1917. Because we find no error in either regard, we affirm.

## II. SCOPE OF REVIEW

[1,2] An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from the facts and that the moving party is entitled to judgment as a matter of law. *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, and gives that party the benefit of all reasonable inferences deducible from the evidence. *Id.*

[3,4] A district court's grant of a motion to dismiss is reviewed de novo. *SID No. 1. v. Adamy*, 289 Neb. 913, 858 N.W.2d 168 (2015). When reviewing an order dismissing a complaint, the appellate court accepts as true all facts which

are well pled and the proper and reasonable inferences of law and fact which may be drawn therefrom, but not the plaintiff's conclusion. *Id*.

[5] To the extent an appeal calls for statutory interpretation or presents questions of law, an appellate court must reach an independent conclusion irrespective of the determination made by the court below. *Id*.

## III. FACTS

This case involves a parcel of real estate located in Douglas County, Nebraska, and owned by Appellants. Hereinafter, this real estate will be referred to as "the property."

On March 1, 2010, at a public tax sale, the property was sold to Determan for delinquent taxes. On that same day, a tax sale certificate for the property was issued to Determan.

On August 30, 2013, pursuant to Neb. Rev. Stat. § 77-1902 (Reissue 2009), Determan timely filed an action in the district court for Douglas County to foreclose the tax lien represented by the tax sale certificate. Determan prayed that the property be sold to pay the amount due under the tax sale certificate, plus interest, as well as costs and attorney fees. Appellants and various junior lienholders were named as defendants in the complaint, and they were served accordingly.

On October 9, 2013, Appellants attempted to redeem their property pursuant to § 77-1824 by tendering the balance due under the tax sale certificate to the Treasurer. The Treasurer rejected Appellants' tender, advised them that § 77-1824 was "not relevant to [their] situation," and directed them to contact Determan for information on the proper way to redeem the property. This started a debate between Appellants and Determan concerning the proper method of redemption. Appellants claimed that they were entitled to redeem their property pursuant to § 77-1824, which did not require payment of costs or attorney fees, and that they could make the necessary payment to the Treasurer. Conversely, Determan argued that because a foreclosure action had been filed, Appellants' exclusive method of redemption was § 77-1917.

Appellants ultimately paid Determan the amount required by § 77-1917, because they felt that they had "no other avenue

to redeem" the property and they did not want to "lose their home." Upon receipt of this payment, Determan moved to dismiss her foreclosure action with prejudice, which motion the district court sustained.

On the day the foreclosure action was dismissed, Appellants petitioned the district court in a separate action for a writ of mandamus ordering the Treasurer and Determan to accept redemption of the property pursuant to § 77-1824. Appellants alleged (1) that they had a "statutory, non-judicial right to redeem a tax certificate through the Treasurer under . . . § 77-1824 . . . whether or not there [was] a foreclosure action pending"; (2) that the Treasurer had a "ministerial duty to accept funds for purposes of redemption under . . . § 77-1824"; (3) that Determan was an agent of the Treasurer and thus had a "ministerial duty to honor a redemption tendered pursuant to . . . § 77-1824"; and (4) that Appellants had "no adequate remedy at law[,] because [the Treasurer and Determan] refuse[d] to allow [Appellants] to redeem through [the] Treasurer as requested." Appellants prayed for a writ of mandamus directing the Treasurer and Determan to complete redemption of the property in the manner prescribed by § 77-1824. Appellants also requested that the funds which Appellants had paid Determan be applied to the redemption under § 77-1824 and that the amount they had paid in costs and attorney fees be refunded.

In response, Determan moved to dismiss for failure to state a claim. The Treasurer and Appellants each moved for summary judgment.

After a hearing, the district court overruled Appellants' motion and entered judgment in favor of the Treasurer. Relying upon *Brown v. Glebe*, 213 Neb. 318, 328 N.W.2d 786 (1983), and the language of §§ 77-1824 and 77-1917, the court concluded that as the holder of a tax sale certificate, Determan could choose between "two distinct methods to satisfy tax certificates," and that Appellants were "bound" by her choice to pursue foreclosure. Accordingly, the court rejected Appellants' argument that they could "choose how to redeem their property." It held that as a matter of law, once Determan filed a foreclosure action, Appellants could not

redeem their property under § 77-1824, and that the exclusive method for Appellants to redeem their property was pursuant to § 77-1917.

The district court sustained Determan's motion to dismiss for failure to state a claim. It found that Determan was not the proper subject of a mandamus action, because "she is an individual and has no duty to [Appellants]."

Appellants timely appeal. Pursuant to our statutory authority to regulate the dockets of the appellate courts of this state, we moved the case to our docket. See Neb. Rev. Stat. § 24-1106(3) (Reissue 2008).

## IV. ASSIGNMENTS OF ERROR

Appellants assign, restated, that the district court erred (1) in concluding that after the holder of a tax sale certificate files a foreclosure action, § 77-1917 is the exclusive remedy of redemption, and (2) in dismissing Determan as an improper party to a mandamus action.

## V. ANALYSIS

There are two issues presented by this appeal: (1) whether the owner of property sold at a tax sale can redeem such property under § 77-1824 after the holder of the tax sale certificate has filed a judicial foreclosure action pursuant to § 77-1902 and (2) whether the district court erred in dismissing Determan from the case. We address each in turn.

### 1. Redemption While Judicial Foreclosure Is Pending

#### (a) Legal Background

We begin our analysis with an overview of the statutory scheme relating to tax sales. At the time Appellants filed their mandamus action, Neb. Rev. Stat. § 77-1837.01 (Cum. Supp. 2012) provided that all proceedings based on a tax sale certificate were governed by the laws in effect when such certificate was issued. Accordingly, in the instant appeal, we refer to the statutes in effect on March 1, 2010.

Under Neb. Rev. Stat. § 77-1801 et seq. (Reissue 2009), any real property on which taxes have not been paid in full

by the first Monday of March can be sold by the county treasurer for the amount of taxes due, plus interest and costs. "As a general matter, when a county treasurer sells real property for delinquent taxes, the purchaser receives a 'tax certificate,' but the owner of the property can redeem the property by paying the delinquent taxes plus interest." *SID No. 424 v. Tristar Mgmt.*, 288 Neb. 425, 435, 850 N.W.2d 745, 752 (2014).

There are two processes through which the holder of a tax sale certificate (hereinafter holder) can obtain a deed to the property purchased at a tax sale. See *SID No. 424*, *supra*. "Under chapter 77, article 18, [of the Nebraska Revised Statutes,] the holder . . . can obtain a tax deed from the county treasurer, after having given proper notice . . . ." See *SID No. 424*, 288 Neb. at 428, 850 N.W.2d at 748. Alternatively, under "chapter 77, article 19, [of the Nebraska Revised Statutes,] the holder . . . can foreclose upon the tax lien in a court proceeding and compel sale of the property, yielding a sheriff's deed, under . . . § 77-1902." See *SID No. 424*, 288 Neb. at 428, 850 N.W.2d at 748. "The former method is sometimes referred to as the 'tax deed' procedure and is authorized by § 77-1837, and the latter is sometimes referred to as a 'judicial foreclosure' and is governed by § 77-1901 et seq." See *SID No. 424*, 288 Neb. at 436, 850 N.W.2d at 752-53. The choice between these two procedures rests with the holder. See §§ 77-1837 and 77-1902.

Whatever process the holder elects to pursue, he or she must exercise his or her rights in the property within a specific period of time. Under § 77-1837, the holder must request a treasurer's tax deed "within six months after the expiration of three years from the date of sale." If the holder waits longer than 3 years 6 months from the sale, the tax sale certificate "ceases to be valid and the lien of taxes for which the property was sold is discharged." See *INA Group v. Young*, 271 Neb. 956, 960, 716 N.W.2d 733, 737 (2006). See, also, § 77-1856. Similarly, under § 77-1902, the holder can bring an action to judicially foreclose upon a tax lien only "within six months after the expiration of three years from the date of sale." A foreclosure action brought outside of this 6-month

period will be time barred. See *County of Seward v. Andelt*, 251 Neb. 713, 559 N.W.2d 465 (1997).

Timely redemption by the property owner prevents the holder from acting on the tax sale certificate under either the tax deed procedure or judicial foreclosure. If the property has been redeemed, the county treasurer cannot issue a treasurer's tax deed to the holder. See § 77-1837. Similarly, if there has been redemption, the foreclosure action is required to be dismissed. See § 77-1917(2).

Sections 77-1824 and 77-1917 provide separate procedures, requirements, and time limits for redeeming property. Section 77-1824 states:

> The owner or occupant of any real property sold for taxes or any person having a lien thereupon or interest therein may redeem the same at any time before the delivery of tax deed by the county treasurer by paying the county treasurer . . . the sum mentioned in his or her certificate, with interest thereon at the rate specified in section 45-104.01 . . . from the date of purchase to date of redemption, together with all other taxes subsequently paid . . . and interest thereon at the same rate from date of such payment to date of redemption.

Section 77-1917 provides as follows:

> (1) Any person entitled to redeem real property may do so at any time prior to the institution of foreclosure proceedings by paying the county treasurer . . . the sum mentioned in his or her certificate, with interest thereon at the rate specified in section 45-104.01 . . . from the date of purchase to the date of redemption, together with all other taxes subsequently paid . . . and interest thereon at the same rate from the date of such payment to the date of redemption.
>
> (2) Any person entitled to redeem real property may do so at any time after the decree of foreclosure and before the final confirmation of the sale by paying to the clerk of the district court the amount found due against the property, with interest and costs to the date of redemption . . . . During the pendency of a foreclosure action any person entitled to redeem any lot or

parcel may do so by paying to the court the amount due with interest and costs, including attorney's fees, provided for in section 77-1909, if requested in the foreclosure complaint.

(b) Application

The question presented is whether the owner of property sold at a tax sale may use the procedure under § 77-1824 to redeem the property after the holder has filed a judicial foreclosure action pursuant to § 77-1902. The district court concluded that redemption under § 77-1824 was not permitted after a judicial foreclosure action had been filed, and we agree.

As stated above, there are two statutory procedures through which the holder can convert a tax sale certificate into a deed, one authorized by chapter 77, article 18, and the other authorized by chapter 77, article 19. See *SID No. 424 v. Tristar Mgmt.*, 288 Neb. 425, 850 N.W.2d 745 (2014). "Although the overall objective of both procedures is the recovery of unpaid taxes on real property, these [procedures] 'are two separate and distinct methods for the handling of delinquent real estate taxes'" which are "neither comparable nor fungible." See *id.* at 436, 850 N.W.2d at 753. Consequently, we have held that "'the provisions of Chapter 77, article 18, are not interchangeable with the provisions of Chapter 77, article 19.'" See *SID No. 424*, 288 Neb. at 436, 850 N.W.2d at 753. See, also, *Brown v. Glebe*, 213 Neb. 318, 328 N.W.2d 786 (1983).

It necessarily follows from the fact that the provisions of chapter 77, articles 18 and 19, are not interchangeable that once the holder has elected to proceed under chapter 77, article 19, the provisions of such article govern the rights of the parties in relation to the tax sale certificate. In other words, after the election to proceed by judicial foreclosure has been made, both the holder and the property owner are bound by that election.

By filing a judicial foreclosure action, the holder has elected to proceed under chapter 77, article 19. See § 77-1902. But the method of redemption provided in § 77-1824 is not contained in chapter 77, article 19. We thus conclude that once a judicial

foreclosure action has been filed, § 77-1824 cannot be used to redeem the property.

This conclusion is consistent with the plain language of § 77-1902. Section 77-1902 explicitly provides that judicial foreclosure actions should proceed "in the same manner and with like effect as in the foreclosure of a real estate mortgage, *except as otherwise specifically provided by sections 77-1903 to 77-1917*." (Emphasis supplied.) Section 77-1917 establishes a method of redemption distinct from that available in the foreclosure of real estate mortgages. See Neb. Rev. Stat. § 25-1530 (Reissue 2008). Therefore, § 77-1902 requires an individual to act pursuant to § 77-1917 in order to redeem property during the pendency of a foreclosure action.

[6] But instead of looking to the plain language of § 77-1902, Appellants focus on § 77-1824. They argue that § 77-1824 does not include any language which expressly prohibits a property owner from using this method of redemption during the pendency of foreclosure proceedings. However, the language of a statute is not interpreted in isolation. "[S]tatutes relating to the same subject are in pari materia and should be construed together." *Alisha C. v. Jeremy C.*, 283 Neb. 340, 353, 808 N.W.2d 875, 885 (2012). And when §§ 77-1824, 77-1902, and 77-1917 are read together, it is clear that the method of redemption in § 77-1824 was not intended to apply once judicial foreclosure has commenced.

In support of their argument, Appellants also rely on *KLH Retirement Planning v. Cejka*, 3 Neb. App. 687, 530 N.W.2d 279 (1995). In *KLH Retirement Planning*, the owners of property sold at a tax sale waited until a foreclosure action had been filed and then attempted to redeem their property under § 77-1824. They tendered payment of the taxes and interest due to the county treasurer, who issued them a certificate of redemption. The treasurer in turn tendered the redemption proceeds to the holder, who rejected the tender. Thereafter, the property owners filed an answer in the foreclosure action, claiming that they had redeemed their property by tendering payment of the taxes due to the county treasurer. The holder disagreed and argued that redemption was not allowed by law while a foreclosure action was pending.

The lower court found as a matter of law that the property owners could not redeem their property on the date they tendered payment to the county treasurer. It calculated the amount owed on the tax sale certificate with interest, costs, and attorney fees and ordered that the property be sold unless such amount was satisfied within 20 days of the decree.

On appeal, the Nebraska Court of Appeals considered a single issue: whether the property owners could redeem their property after the holder filed a foreclosure action. The holder had argued that redemption under § 77-1917 was not allowed while a foreclosure action was pending, because the statute only mentioned redemption after foreclosure and before confirmation. The Court of Appeals rejected this argument, concluding that redemption was permitted while a foreclosure action was pending. It reversed the order of the district court and remanded the cause for further proceedings on the property owners' tender to the county treasurer.

In its opinion in *KLH Retirement Planning, supra*, the Court of Appeals did not explicitly hold that the property owners were allowed to redeem their property under § 77-1824 while the foreclosure action was pending. It did not consider by what manner redemption was permitted during a foreclosure action, only whether it was permitted. However, its remand to the lower court for further proceedings on the property owners' tender could be interpreted as permitting owners of property sold at a tax sale to redeem their property under § 77-1824 after a foreclosure action was filed.

Under § 77-1917, the owners of property sold at a tax sale cannot redeem their property under § 77-1824 after a foreclosure action has been filed. Therefore, to the extent the Court of Appeals' opinion in *KLH Retirement Planning, supra*, can be interpreted as authorizing redemption under § 77-1824 after a foreclosure action has been filed, such interpretation is expressly disapproved.

The district court did not err in its determination that once a foreclosure action was filed, Appellants could not redeem their property under § 77-1824 but were required to use the manner of redemption provided in § 77-1917. Appellants' first assignment of error lacks merit.

## 2. Dismissal of Determan

In their second assignment of error, Appellants challenge the district court's decision to sustain Determan's motion to dismiss for failure to state a claim. Specifically, they argue that the court erred in its determination that Determan owed no duty to Appellants and thus was an improper party to a mandamus action.

[7] To prevail against a motion to dismiss for failure to state a claim, a plaintiff must allege sufficient facts, accepted as true, to state a claim for relief that is plausible on its face. *Lindner v. Kindig*, 285 Neb. 386, 826 N.W.2d 868 (2013). Appellants' claim against Determan rested entirely on the presumption that after Determan initiated judicial foreclosure proceedings, they were still entitled to redeem their property in the manner prescribed by § 77-1824. For the reasons explained above, that presumption was erroneous. As a matter of law, once the foreclosure action was pending, Appellants could not redeem their property under § 77-1824. As such, Appellants' claim against Determan was not plausible on its face. The district court did not err in dismissing the complaint against Determan for failure to state a claim.

## VI. CONCLUSION

For the foregoing reasons, we affirm the order of the district court which entered summary judgment in favor of the Treasurer and sustained Determan's motion to dismiss for failure to state a claim.

Affirmed.

———————

Bruce R. Friedman, appellant, v.
Susan C. Friedman, appellee.
___ N.W.2d ___

Filed May 22, 2015.    No. S-14-710.

1. **Judgments: Appeal and Error.** On a question of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.